# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Big Iraqi Company ) ASBCA No. 59822
)
Under Contract No. 000000-00-0-0000 )

APPEARANCE FOR THE APPELLANT: Gen. Sorih Hani
Owner/General Manager

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ M. Aaron Lee, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE DELMAN ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The Department of the Army (government) has filed a motion to dismiss this appeal for lack of jurisdiction. Big Iraqi Company (appellant) has filed in opposition to the government's motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 15 August 2007, appellant signed a Memorandum of Agreement (MOA) with the government (R4, tab 1). The Statement of Work (SOW) for this MOA required appellant to provide and set up 26 trailers for use as temporary classrooms in the village of Al Awad, Iraq, and also to provide 4 trailers for use as latrines as well as related equipment (R4, tab 2). The MOA was written on the letterhead of the "Department of the Army, Headquarters, 1st Brigade, 1st Cavalry Division, Camp Taji, Taji Iraq, APO AE 09376" (R4, tab 1).

2. The MOA was signed on behalf of appellant by Sorih Hani and on behalf of the government by CPT Gordon Bouchard as "Project Purchasing Officer" (PPO). The MOA also identified Project Officer MAJ Edgar Bowdish as the government's point of contact. (R4, tab 1)

3. The MOA was one page in length and contained the following terms of the agreement:

    A. The work will be completed within the time specified and in accordance with the guidelines specified in the Statement of Work (dated 10 August 2007).

    B. Contractor agrees to complete the project for the amount stated in the bid ($1,669,500.00).

    C. All supplies will be new, not used.

    D. Contractor will work with the Project Officer, MAJ Bowdish, or his representative to ensure the setup location is positively identified before beginning any work.

    E. This agreement will not become effective until funding is approved and the contractor is notified by the Project Officer to begin work.

    F. Payment will be in U.S. Currency (cash) at time of delivery. Payments will only be made for goods and services received.

    G. Delivery location for all supplies will be the work site.

(R4, tab 1)

4. The record contains a Declaration from then MAJ (now LTC) Bowdish. Insofar as pertinent, the Declaration states that this MOA was awarded under the Commanders' Emergency Response Program (CERP), and that the trailers were to be used as a temporary school for Iraqi children. (R4, tab 8) In response, appellant asserts (correctly) that the MOA did not reference or identify the agreement as a CERP project, and therefore it did not enter the MOA with the understanding that it was a CERP project (app. resp. at 6). Nevertheless, appellant does not contest the purpose of the MOA, i.e., to provide a temporary school for Iraqi children in the village of Al Awad, nor does it provide any evidence suggesting that these trailers were for the direct benefit or use of the United States.

5. On 8 September 2007, appellant was issued a Notice to Begin Work (R4, tab 3). On 3 November 2007, CPT Bouchard signed a Memorandum for Record indicating that the government had accepted the work and that appellant was entitled to full payment (R4, tab 4). According to the government, appellant was paid the full amount specified in the MOA (R4, tab 8, Bowdish decl. ¶ 3). According to appellant, it has never been paid the amount specified in the MOA.

6. According to appellant: The PPO told appellant that the government would email appellant when the payment was ready; appellant did not receive any email from

2

the government for 20 days thereafter; appellant then sent an email to the government at that time but received no response; appellant tried to call the government by telephone but the phone was "switched off"; appellant tried to go to the PPO's office on 19 December but was unable to do so because of a lack of an escort; at the beginning of 2008, appellant contacted the regional contracting command at Camp Taji, and was told that the office of the 1st BDE, 1st Cavalry Division, was closed and "they can do nothing to help me" (compl. at 1-2). Appellant has not provided any contemporaneous emails or contemporaneous documents to support the contacts referenced herein.

7. The record also does not contain any email traffic or any other documented contacts between the parties related to this matter for at least three years, 2009-2011. It appears that in early 2012, appellant contacted "Army Contracting Command – Rock Island" for assistance, and that on 29 February 2012, a contract specialist emailed appellant, advising that she would look for any contract files and try to help (R4, tab 5 at 2). The record, however, does not contain any government response.

8. In late 2014, appellant made additional email inquiries of the government. A contracting officer (CO), Thomas A. Petkunas, advised appellant by email on 13 January 2015 that he would look into the matter. At his request, appellant also filed a certified claim. (R4, tab 6 at 1-2, 7)

9. On 6 February 2015, the CO issued a final decision, denying appellant's claim. The CO stated as follows:

> A Memorandum of Agreement for Trailers for Al Awad Temporary School, was written on 15 August [2007]. The memorandum stated that payment would be made in U.S. Currency (cash) at the time of delivery. There was no contract issued for this agreement, nor is there any documentation of funding. After reviewing the documentation you submitted, it has been determined that payment of your invoice cannot be made and your claim is rejected. There are substantial irregularities in your documentation and the circumstances surrounding your request with [sic] cause me to doubt the authenticity of your request.

(R4, tab 7) The CO's decision also advised appellant of its right to appeal to an agency board of contract appeals. Appellant timely filed an appeal with this Board, which was docketed as ASBCA No. 59822.

## DECISION

It is undisputed that pursuant to the MOA and the related SOW, appellant was required to deliver and set up trailers and related equipment to be used as a temporary school for Iraqi children in the village of Al Awad, Iraq. As was stated in *Wesleyan Co. v. Harvey*, 454 F.3d 1375, 1378 (Fed. Cir. 2006):

> Pursuant to the CDA, the Board has subject matter jurisdiction over "any express or implied contract...entered into by an executive agency for – (1) the procurement of property, other than real property in being." 41 U.S.C. § 602(a). "Procurement" is "the acquisition by purchase, lease or barter, of property or services for the *direct benefit or use* of the Federal Government." *New Era Constr. v. United States*, 890 F.2d 1152, 1157 (Fed. Cir. 1989).

Appellant, as proponent of our jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, has the burden to show that this procurement was for the direct benefit or use of the United States. It has not done so. Accordingly, we do not have jurisdiction over this appeal under the CDA.

We next address whether we have jurisdiction of this appeal under the ASBCA Charter. In addition to recognizing our CDA jurisdiction, our Charter confers jurisdiction upon the Board under the following circumstances:

> (b) [P]ursuant to the provisions of contracts requiring the decision by the Secretary of Defense or by a Secretary of a Military Department or their duly authorized representative, or (c) pursuant to the provisions of any directive whereby the Secretary of Defense or the Secretary of a Military Department or their authorized representative has granted a right of appeal not contained in the contract on any matter consistent with the contract appeals procedure.

48 C.F.R., chapter 2, appx. A, part 1 (14 May 2007).

This MOA contains no provision requiring a decision of the Secretary of Defense, the Secretary of a military department or any representative on any disputed matters under the MOA, nor has appellant shown any DoD directive from any such person granting appellant any rights of appeal. Accordingly, we do not have jurisdiction of this appeal under the ASBCA Charter.

4

Based upon the foregoing, we do not have jurisdiction of this appeal. That a CO advised appellant (erroneously) of appeal rights to our Board cannot confer jurisdiction where none exists. *Latifi Shagiwall Construction Company*, ASBCA No. 58872, 15-1 BCA ¶ 35,937 at 175,634.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. The appeal is dismissed for lack of jurisdiction.*

Dated: 20 August 2015

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

* Given our disposition, we need not decide whether this MOA was awarded under the Commanders' Emergency Response Program.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59822, Appeal of Big Iraqi Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
